# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| HARBOR AMERICA CENTRAL INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1439 |
| | § | |
| CENTERPOINT EMPLOYEE | § | |
| MANAGEMENT, LLC, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 15] filed by Plaintiff Harbor America Central, Inc. ("Harbor"), to which Intervenor United States of America filed an Opposition [Doc. # 19], and Harbor filed a Reply [Doc. # 23]. Having considered the full record and relevant legal authorities, the Court **grants** the Motion to Remand.

## I.   BACKGROUND

In November 2007, Harbor and Defendant Centerpoint Employee Management, LLC ("CEM") entered into an Independent Representative Agreement ("Agreement") pursuant to which CEM would represent Harbor in selling and marketing employee staff leasing services to Harbor's prospective customers. The Agreement provides that it may be terminated if CEM "engages in any clearly illegal business practices."

In April 2008, Harbor and Defendants Centerpoint Outsourcing, LLC ("CPO") and Patrick G. Mire entered into an Asset Purchase Agreement ("Purchase Agreement") pursuant to which Harbor purchased CPO's "professional employer organization business." *See* Original Petition [Doc. # 1-2], ¶ 10. In the Purchase Agreement, CPO and Mire represented that CPO conducted its business activities legally.

In January 2011, Mire was indicted by a federal grand jury in connection with various schemes to defraud conducted by Mire through CPO and CEM. In November 2011, Mire entered a plea of guilty and was later sentenced to serve a term of imprisonment for 36 months and to pay restitution in the amount of $10 million. The restitution order created a lien in favor of the United States on all of Mire's property pursuant to 18 U.S.C. § 3613. The United States recorded its lien and filed a Uniform Commercial Code lien against CEM with the Texas Secretary of State.

On April 16, 2014, the United States began enforcement proceedings in the United States District Court for the Western District of Texas, San Antonio Division, to garnish commissions due and payable under the Agreement between CEM and Harbor. On April 21, 2014, the Western District Court issued a Writ of Garnishment. On May 1, 2014, the Western District Court issued an Amended Writ of Garnishment specifically naming CEM as a defendant to the garnishment proceeding.

On April 22, 2014, Harbor filed this lawsuit in Texas state court against CEM, CPO, and Mire. Harbor seeks a declaratory judgment that it is authorized to terminate the Agreement and stop paying commissions to CEM, and that it is authorized to terminate the Purchase Agreement and stop paying commissions to CPO and Mire.

On May 5, 2014, Harbor raised its state court lawsuit as a defense to the garnishment proceeding. On June 26, 2014, the Western District court conducted a hearing in the garnishment proceeding. By Order entered July 15, 2014, the Western District court found that Harbor had $43,294.51 of commissions payable to the garnishment defendants, and ordered that amount applied to Mire's criminal restitution debt. *See* Disposition Order in Case No. 5:11-cr-062, Exh. 1 to Advisory to the Court [Doc. # 25].

Meanwhile, on May 22, 2014, the United States intervened in Harbor's state court lawsuit, and filed a Notice of Removal. Plaintiff filed a timely Motion to Remand, which has been fully briefed and is ripe for decision.

## II.  ANALYSIS

### A.  General Removal Principles

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004);

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"  *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

### B.     Removal Pursuant to 28 U.S.C. § 1444

The United States may remove any "action brought under section 2410 of this title against the United States in any State court . . .."  28 U.S.C. § 1444; *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002); *Hamlin v. Hamlin*, 237 F. Supp. 299, 300 (N.D. Miss. 1964).  Section 2410(a) applies to actions to quiet title, to foreclose a mortgage or other lien, to partition, to condemn, or of interpleader, with respect to "personal property on which the United States has or claims a mortgage or other lien."  28 U.S.C. § 2410(a); *Hussain*, 311 F.3d at 629; *Hamlin*, 237 F. Supp. at 300; *see also Gateway Five, LLC v. In re Price*, 2007 WL 4260810, *2 (E.D. Tenn. Nov. 30, 2007) (noting that § 2410 does not require that the United States have a lien on the property at issue, only that the United States claims to have such a lien).  In this case, the state court lawsuit was not "brought against the United States."

Where, as here, the United States intervenes to assert a lien on the property at issue in a state court lawsuit, the "provisions of section 2410 of Title 28 of the United States Code (except subsection (b)) and of section 1444 of Title 28 of the United States Code shall apply . . . as if the United States had originally been named a defendant in such action or suit." 26 U.S.C. § 7424. The United States argues that removal of this lawsuit was proper pursuant to § 1444 because the state court action is effectively an action to quiet title to the commissions under the Agreement.

"The elements of a suit to quiet title are (1) plaintiff has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable." *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App. – Amarillo 2013, *pet. denied*) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App. – El Paso 2012, *pet. denied*)). In this case, the United States claims a lien on commissions payable under the Agreement. Harbor does not argue that the asserted lien in invalid or unenforceable.[1] Instead, Harbor asserts only that it is entitled to terminate the Agreement based on the illegal conduct of Mire and his companies, after which

---

[1]   The United States argues alternatively that "if the Court finds that § 2410 does not apply to this proceeding because the Government's lien is not at issue, then termination of the contracts cannot extinguish the lien." *See* Opposition, p. 6, n.7. Harbor asserts affirmatively in this case that it "does not seek to extinguish or otherwise change the lien the United States has on Defendants' property." *See* Reply, p. 1.

termination no commissions would be payable. If Harbor succeeds in the state court lawsuit, the Government's lien will not be extinguished; there will simply be no further commissions to which the otherwise valid lien attaches. Harbor does not dispute that if it is unsuccessful in its state court lawsuit and is not authorized to terminate the Agreement, future commissions that become payable under the Agreement could be subject to the United States' valid and uncontested lien. *Cf. Hudson County Bd. of Chosen Freeholders v. Morales*, 581 F.2d 379, 384 (3rd Cir. 1978) (treating claim as one to quiet title where "the complaint does explicitly challenge the validity of the government's tax lien"). As a result, Harbor's petition for a declaratory judgment that it is entitled to terminate the Agreement is not properly construed as an action to "quiet title" to the commissions. The United States' argument to the contrary is unpersuasive.

The state court lawsuit does not involve an action "to quiet title to, to foreclose a mortgage or other lien upon, to partition, to condemn, or of interpleader" as to the commissions payable under the Agreement on which the United States claims a lien. As a result, § 2410 does not provide a basis for removal under § 1444.[2]

---

[2] The Western District court has held that the existing commissions in the amount of $43,294.51 are subject to the Government's lien and have ordered those funds delivered to the Clerk of Court for the Western District of Texas to be applied to Mire's criminal restitution debt. In the state court lawsuit that was removed to this Court, Harbor seeks ***only*** to terminate the Agreement and thereby avoid future
(continued...)

### C.     Removal Pursuant to 28 U.S.C. § 2463

Although not asserted as a basis for removal in the Notice of Removal [Doc. # 1], the United States argues in its Opposition that this Court has exclusive jurisdiction pursuant to 28 U.S.C. § 2463.  That statute provides that all property "taken or detained under any revenue law of the United States shall not be repleviable, but shall be . . . subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."  28 U.S.C. § 2463.  With reference to existing commissions, those may well have been "detained" pursuant to the Writ of Garnishment and Disposition Order issued in the Western District of Texas.  As mentioned above, however, the state court lawsuit that was removed to this Court involves only the requested termination of the Agreement, after which no future commissions would be payable. The Agreement and any future commissions have not been "taken or detained" and, therefore, § 2463 is not applicable to the lawsuit before this Court.

### IV.     CONCLUSION AND ORDER

The declaratory judgment lawsuit filed by Harbor in Texas state court seeking to terminate its Agreement with Mire and his companies does not involve a claim

---

2      (...continued)
commission payments.  *See* Original Petition, ¶ 18.  This lawsuit, therefore, does not relate to the commissions that are currently payable.

within § 2410(a). Additionally, the Agreement and future commissions have not been "taken or detained" as required for § 2463 to apply. Removal of this lawsuit pursuant to § 1444 was, therefore, not appropriate. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 15] is **GRANTED**. This case will be remanded by separate order to the 133rd Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction. It is further

**ORDERED** that the Motions to Transfer Venue [Docs. # 2, # 7, # 9, and # 11] are **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **18th** day of **July, 2014**.

_____
Nancy F. Atlas
United States District Judge